## McCLURE *v*. LOCKE.

The fact that one pays fees not allowed by law to an officer for serving a writ and attaching property without calling his attention to the items illegally charged, is not a waiver of the right to recover the penalty for taking illegal fees.

DEBT, for a penalty for taking illegal fees. The defendant is a deputy sheriff, and served two writs for the plaintiff, attaching personal property upon the first, and real estate upon the second. On the first he charged, services, $1.00; travel, $0.24; attachment, $1.00;—and upon the second, service, $0.50; travel, $0.12; paid clerk, $0.20; copy, $1.00; service, $0.50; travel, $0.12. The second writ contained 600 words. The defendant, without furnishing items of his charges, demanded and received of the plaintiff $2.44 upon each writ.

*W. W. Bailey*, for the plaintiff.

*Norris & Rand*, for the defendant.

ALLEN, J. On the first writ the charge of $1 for services was illegal, if there was but one defendant in the action upon whom service was made. The sheriff's fee for serving a writ is 50 cents, with six cents for necessary travel each way. G. L., c. 290, s. 14. Service of writs is made by giving to the defendant or leaving at his abode a summons, where property is attached; and in other cases, by giving or leaving a copy, or by reading the writ to the defendant. G. L., c. 223, ss. 2, 3. In making an attachment, nothing of this kind is done; and an attachment of property is in no sense a service of the writ. On the second writ there were charges for two services of 50 cents each. If there was but one defendant, one charge was illegal. The charge of $1 for the copy of the writ containing 600 words was in excess of the legal rate. The sheriff is a certifying officer, and the defendant was entitled to charge for the copy, two pages, 34 cents; part of a page, 12 cents;

certificate of attestation, 8 cents; in all, 54 cents.  G. L., c. 290, s. 3.  The balance of the charge for the copy was illegal.

For taking greater fees than are allowed by law for serving writs the defendant incurred the penalty provided by statute for such cases, and the plaintiff might sue for the same, as he has done (G. L., c. 290, s. 27), or the defendant might be prosecuted by indictment.  G. L., c. 290, s. 28.  The defendant refused to give the items of his charges at the time he demanded and received his pay, and the plaintiff had no opportunity to point out or demur to the illegal charges.  The fact that the plaintiff paid the sum demanded without pointing out the particular items of illegal charge was no waiver of his right to exact the forfeiture of the penalty.  It was the demanding and taking of the illegal fees by the defendant that constituted the offence, and made him liable to the plaintiff's action for a penalty.

<em>Case discharged.</em>

SMITH, J., did not sit: the others concurred.